# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANTEL MCCOY,<br>    Plaintiff(s),<br>v.<br>CLARK COUNTY,<br>    Defendant(s). | Case No.: 2:20-cv-01331-KJD-NJK<br>**ORDER**<br>[Docket No. 9] |

Pending before the Court is the parties' joint proposed discovery plan. Docket No. 9. The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1).

The parties' joint proposed discovery plan suffers from several deficiencies.[1] First, it is unclear what discovery period the parties request. The parties initially propose "a discovery period of approximately nine months[,]" but later propose a discovery period of one year. Docket No. 9 at 1, 4. In addition, the parties' justification for special scheduling vaguely states that they request more time than is presumptively reasonable "due to the challenges related to COVID-19 and the holiday season." *Id.* at 1. The Court is sympathetic to the challenges of practicing law in the current environment. When a **specific** showing has been made that presumptively reasonable deadlines cannot be met in a particular case (e.g., because out-of-state depositions cannot move forward with travel or other restrictions), the Court has found good cause for extension. Here,

---

[1] As a threshold matter, the proposed discovery plan is untimely. The parties were required to file a joint proposed discovery plan no later than September 7, 2020. *See* Local Rule 26-1(a).

1

however, the parties fail to make a specific showing as to why the presumptively reasonable discovery period of 180 days should not apply. Finally, the parties incorrectly calculate the proposed deadlines. *See id.* at 4.

Accordingly, the joint proposed discovery plan is **DENIED** without prejudice. Docket No. 9. An amended discovery plan must be filed by October 9, 2020. To the extent special scheduling review is sought therein, a **specific** showing must be made as to why the presumptively reasonable deadlines should not apply, based on the particular circumstances of this case, and why the dates requested are reasonable. Otherwise, the parties must include the default deadlines, properly measured from July 24, 2020. *See* Local Rule 26-1(b)(1).

IT IS SO ORDERED.

Dated: October 5, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2