UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANTEL McCOY, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY, a political subdivision; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:20-cv-01331-KJD-NJK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL** |

　　Before the Court is Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (ECF #5). Plaintiff did not respond, and Defendant filed a Notice of Non-opposition (ECF #7).

　I.　Factual and Procedural Background

　　Plaintiff Shantel McCoy ("McCoy") filed the instant action against her employer Defendant Clark County in state court in June 2020. (ECF #5, at 2). Clark County then removed the action to this Court. Id. According to the complaint, McCoy requested time off under the Family and Medical Leave Act ("FMLA") from February 2019 through October 2019. Id. McCoy alleges that Clark County harassed and retaliated against her for taking FMLA leave. Id. Around October 2019, the hostility and mistreatment became so severe that McCoy was constructively terminated. Id. McCoy alleges that one of her supervisors interfered with her FMLA leave by leaving work in her queue, assigning her new work while she was out, failing to assign work to other employees, and demanding that her work be done immediately upon her return. (ECF #1-1, at 4). McCoy asserts that she is entitled to lost wages, lost pension benefits, and lost vacation and sick pay. Id. The complaint lists three causes of action: FMLA interference, violation of 42 U.S.C. § 1983, and wrongful termination. Id. at 5–9.

　　Clark County filed a motion for partial dismissal, arguing that McCoy's third cause of

action must be dismissed because Nevada law does not recognize an action for wrongful termination when a plaintiff has an adequate statutory remedy. (ECF #5, at 4). Clark County argues that wrongful termination is a tort designed to fill a gap when no statutory remedy is available, and that McCoy has a statutory remedy through the FMLA because her claim is based on Clark County's FMLA violation. Id. at 5. McCoy did not respond to the motion.

## II. Legal Standard

Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). All "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the court "must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed." Hendon v. Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D. Nev. 2019). Local rules state that a party's failure to respond to a motion to dismiss constitutes a consent to the granting of the motion. See LR 7-2(d).

## III. Analysis

Clark County argues that Nevada does not permit a wrongful termination claim when a plaintiff has an adequate statutory remedy. Indeed, a court will consider two requirements when analyzing a wrongful termination claim: "(1) whether the employer violated strong and compelling Nevada public policy, and (2) . . . whether there is an adequate statutory remedy." Errico v. Fed-Ex Freight, Inc., No. 2:10-cv-01872-RLH, 2011 WL 1770861, at *3 (D. Nev. May 9, 2011). McCoy's complaint alleges violations of the FMLA and all of her causes of action are

related to those violations. The FMLA provides a statutory remedy. As such, the Court finds that McCoy has an adequate statutory remedy with her FMLA claim and her wrongful termination claim must be dismissed.

"An employer commits a wrongful termination (primarily known in Nevada jurisprudence as tortious discharge) 'by terminating an employee for reasons [that] violate public policy.'" Sanders v. Sodexo, Inc., No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697, at *3 (D. Nev. July 20, 2015) (quoting D'Angelo v. Gardner, 819 P.2d 206, 212 (Nev. 1991)). Public policy may be violated when an employee is terminated for "(1) refusing to violate the law, (2) performing jury duty, (3) filing a workers' compensation claim or seeking industrial insurance, (4) refusing to work in unreasonable and dangerous conditions, and (5) whistle blowing." Id. (internal citations omitted). McCoy's case is analogous to the Sanders case which did not "fall into any of these recognized public-policy exceptions." Id. Instead, McCoy's claim arises from her FMLA allegations. Like the plaintiff in Sanders, McCoy has "a statutory vehicle for [her] wrongful-termination allegations: an FMLA claim." Id. at 4. McCoy's complaint is replete with references to Clark County's FMLA violations. There is a section outlining the FMLA violations, the section outlining civil rights violations focuses on FMLA violations, and the wrongful termination cause of action, which re-alleges the previous allegations of FMLA violations, begins by stating the "Plaintiff exercised her right to FMLA leave." According to the complaint, all of McCoy's causes of action arise from Clark County's alleged FMLA violations.

The FMLA provides an adequate statutory remedy that allows a plaintiff to recover "damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). The statute also permits recovery of interest, liquidated damages, and equitable relief. Id. at § 2617(a)(1). McCoy will be able to recover for her alleged damages under the FMLA. Plaintiffs are only entitled to pursue an action for wrongful termination against an employer when "no comprehensive statutory or other tort remedy [is] available to compensate" them. Gardner, 819 P.2d at 218. McCoy has such a statutory remedy available to her.

Because McCoy has a statutory remedy available to her and she consents to the granting

of Clark County's motion, McCoy's third cause of action for wrongful termination is dismissed.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Partial Dismissal (ECF #5) is **GRANTED**.

Dated this 8th day of March, 2021.

_____
Kent J. Dawson
United States District Judge