UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHANTEL McCOY, an individual,<br><br>                                      Plaintiff,<br><br>    v.<br><br>CLARK COUNTY, a political subdivision; DOES 1 through 10; ROE ENTITIES 11 through 20, inclusive jointly and severally,<br><br>                                      Defendants. | Case No. 2:20-cv-1331-KJD-NJK<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment (ECF #39). Plaintiff did not respond to the motion.

    I.        <u>Factual and Procedural Background</u>

This action was originally filed in state court and removed to this Court on July 17, 2020. (ECF #1). Plaintiff Shantel McCoy ("McCoy") brought three causes of action against Defendant Clark County, her former employer. (ECF #1-1, at 5–9). The claims were for Family Medical Leave Act ("FMLA") Interference, Violation of Title 42 U.S.C. § 1983, and Wrongful Termination. <u>Id.</u> On July 24, 2020, Clark County filed a motion for partial dismissal, asking the Court to dismiss McCoy's claim for wrongful termination. (ECF #5). The Court granted the motion and dismissed the wrongful termination claim. (ECF #31).

According to the complaint, McCoy requested time off under the Family and Medical Leave Act ("FMLA") from February 2019 through October 2019. (ECF #5, at 2). McCoy alleges that Clark County harassed and retaliated against her for taking FMLA leave. <u>Id.</u> Around October 2019, the hostility and mistreatment became so severe that McCoy was constructively terminated. <u>Id.</u> McCoy alleges that one of her supervisors interfered with her FMLA leave by leaving work in her queue, assigning her new work while she was out, failing to assign work to

other employees, and demanding that her work be done immediately upon her return. (ECF #1-1, at 4). McCoy asserts that she is entitled to lost wages, lost pension benefits, and lost vacation and sick pay. Id.

On June 15, 2021, McCoy's counsel filed a motion to withdraw as attorney. (ECF #33). The magistrate judge held a hearing regarding the motion and required McCoy to attend. (ECF #36). McCoy did not show up. Id. The magistrate judge set another hearing, again requiring McCoy to appear either telephonically or in person. (ECF #37). Again, McCoy did not make an appearance. Id. Based on the address listed for service of the motion to withdraw, it appears that McCoy now resides in California. (ECF #33, at 3). After her counsel withdrew, McCoy was ordered to retain new counsel or file a notice to proceed pro se by August 16, 2021. (ECF #37). After hearing nothing from McCoy, the magistrate judge ordered that she file a notice of appearance of counsel or notice of intent to proceed *pro se* by August 24, 2021. (ECF #42). Again, McCoy did not respond. On September 29, 2021, the magistrate judge ordered McCoy to show cause by October 29, 2021, why it should not issue sanctions for McCoy's violations of court orders. (ECF #43). McCoy has not responded or participated in the litigation since her counsel moved to withdraw on June 15, 2021.

Prior to McCoy's counsel withdrawing, Clark County sent interrogatories, requests for production, and requests for admission to McCoy on February 24, 2021. (ECF #39, at 2). McCoy's deadline to respond to the written discovery requests was March 26, 2021. Id. At the time Clark County filed its motion for summary judgment on July 19, 2021, McCoy had not responded to the discovery requests. Id.

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set

forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255. When a party fails to respond to a motion for summary judgment, the moving party still has an "affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003).

III.     Analysis

McCoy's first cause of action is for FMLA interference. The "FMLA prohibits interference with the exercise of the employee's right to take leave." Xin Liu v. Amway Corp., 347 F.3d 1125, 1132 (9th Cir. 2003). "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title." 29 U.S.C. § 2615(a)(1). McCoy alleges that Clark County interfered with her FMLA rights by retaliating against her for taking leave and putting assignments in her queue while she was on leave, assigning her new work while she was out, failing to assign work to other employees, and demanding that her work be done immediately upon her return. Clark County does not address this argument in its motion, focusing instead on a lack of negative employment action. "The regulations specify one form of employer interference—i.e., 'employers cannot use the taking of FMLA leave as a negative factor in employment actions.'" Xin Liu, 347 F.3d at 1133 (quoting 29 C.F.R. § 825.220(c)). The Court agrees with Clark County that McCoy cannot produce

1  evidence to support her interference claim regarding a negative factor in employment actions.
2  McCoy's failure to respond to Clark County's requests for admission requires the Court to accept
3  the requests as admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days
4  after being served, the party to whom the request is directed serves on the requesting party a
5  written answer or objection."). Therefore, McCoy admits that she voluntarily resigned from her
6  position, her resignation was unrelated to her claims, she was promoted and received a pay
7  increase after her FMLA leave, and she was not subjected to any disciplinary actions as a result
8  of taking FMLA leave. (ECF #39-3). As such, there is no evidence of any negative factor in any
9  employment action or retaliation.

10  However, the Court cannot grant summary judgment to Clark County for the entire
11  interference claim. The Department of Labor "interprets 'interferes' to include 'not only refusing
12  to authorize FMLA leave but, discouraging an employee from using such leave." Id. A factual
13  issue exists regarding whether Clark County's actions while McCoy was on leave and in the
14  process of approving her leave constitute interference. The way work was placed in McCoy's
15  queue while she was on leave and the demand to complete the assignments immediately upon
16  return could constitute interference, punishment, or encouragement not to take leave. Clark
17  County's requirement that McCoy recertify her FMLA leave, after it was already approved,
18  could be seen as an attempt to restrain or deny McCoy's exercise of her FMLA rights. As
19  previously stated, this form of interference was not mentioned in Clark County's motion.
20  Therefore, the Court grants summary judgment on the interference claim regarding a negative
21  factor in employment actions and retaliation, but the interference claim for other interference
22  survives.

23  The second cause of action is violation of Title 42 U.S.C. § 1983. "Section 1983 provides
24  a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the
25  Constitution and laws.'" Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105
26  (1989) (quoting 42 U.S.C. § 1983). Congress may foreclose a remedy under § 1983 "by
27  providing a 'comprehensive enforcement mechanis[m] for protection of a federal right.'" Id. at
28  106 (quoting Smith v. Robinson, 468 U.S. 992, 1003 (1984)). McCoy's § 1983 claim complains

of FMLA violations and there is an enforcement mechanism in the FMLA for protection of those rights. This Court joins other district courts in holding that "section 1983 may not be used to vindicate the rights provided by the FMLA." Webb v. Cnty. of Trinity, 734 F.Supp.2d 1018, 1031 (E.D. Cal. 2010); see also Hayduk v. City of Johnstown, 580 F.Supp.2d 429, 485–86 (W.D. Penn. 2008) (listing cases and holding that, while the Supreme Court and circuit were yet to rule on the issue, "almost every decision of which this Court is aware has held . . . that the FMLA provides the exclusive means of recovery for violation of rights created by the FMLA."). Because McCoy's § 1983 action seeks to improperly vindicate rights provided by the FMLA, it cannot prevail.

Clark County makes the same arguments for summary judgment regarding McCoy's wrongful termination claim that it made in its motion to dismiss. The court already dismissed this claim and will not analyze Clark County's argument a second time.

Therefore, the Court grants partial summary judgment to Clark County on McCoy's interference claim regarding retaliation and any negative employment actions and on McCoy's § 1983 claim. Questions of fact exist regarding whether Clark County interfered with McCoy's leave while she was away and in the process of applying for the leave.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF #39) is **GRANTED in part**.

Dated this 17th day of December, 2021.

_____
Kent J. Dawson
United States District Judge