1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHANTEL MCCOY,

    Plaintiff,

v.

CLARK COUNTY,

    Defendant.

Case No.: 2:20-cv-01331-KJD-NJK

**REPORT AND RECOMMENDATION**

On July 16, 2021, the Court held a motion hearing on Plaintiff's motion to withdraw attorney and granted Plaintiff's motion. Docket No. 37. The Court gave Plaintiff until August 16, 2021, to either retain new counsel or file a notice of intent to proceed *pro se*. *Id.* On August 24, 2021, after Plaintiff failed to meet that deadline, the Court again ordered Plaintiff to either file a notice of appearance from new counsel or a notice of intent to proceed *pro se*. Docket No. 42. Plaintiff failed to meet that deadline. *See* Docket.

On September 29, 2021, when Plaintiff again failed to comply with the Court's order, the Court ordered Plaintiff to show cause as to why she should not be sanctioned for violating the Court's order. Docket No. 43. The Court warned explicitly that it was considering sanctions "**up to and including case-dispositive sanctions**." *Id.* at 1 (emphasis added). The deadline to respond to the order to show cause was set for October 29, 2021. *Id.* Plaintiff failed to comply. *See* Docket.

On May 3, 2022, the Court granted Plaintiff one final opportunity to show cause as to why she had failed to comply with three court orders related to filing a notice of appearance or notice of intent to proceed *pro se*. Docket No. 45. The Court again explicitly warned that the Court could fine her and/or dismiss her case for violating its orders pursuant to Local Rule IA 11-8. *Id.* at 1-2. The Court ordered Plaintiff to respond to the order to show cause no later than May 17, 2022. *Id.* Plaintiff again failed to respond. *See* Docket.

1    Plaintiff has now violated four court orders.  Moreover, Plaintiff has failed to take any
2  action in this case since filing her motion to withdraw attorney on June 15, 2021.  Docket No. 33;[1]
3  *see also* Docket.  Plaintiff's failure to prosecute the case and violation of the Court's orders are
4  abusive litigation practices that have interfered with the Court's ability to hear this case, delayed
5  litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and
6  threatened the integrity of the Court's orders and the orderly administration of justice.  Sanctions
7  less drastic than dismissal are unavailable because Plaintiff has refused to advance the case or
8  comply with the orders of this Court notwithstanding the warning that case-dispositive sanctions
9  may be imposed.

10   Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

11   Dated: May 23, 2022

12
                                                    _____
13                                                  Nancy J. Koppe
                                                    United States Magistrate Judge
14

15                                          **NOTICE**

16   This report and recommendation is submitted to the United States District Judge assigned
17  to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and
18  recommendation must file a written objection supported by points and authorities within fourteen
19  days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file
20  a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951
21  F.2d 1153, 1157 (9th Cir. 1991).

22
23
24
25
26
27
   _____
      [1] Plaintiff failed to appear at the initial hearing held on this motion on July 14, 2021, or the
28  continued hearing on this motion held on July 16, 2021.  Docket Nos. 36, 37.

                                              2